# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ALVIN MURPHY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-146-PRC |
| | ) | |
| FAMILY CHRISTIAN STORES, INC., | ) | |
| JULIE MCNUTT, SECURITAS | ) | |
| SECURITY SERVICES USA, INC., and | ) | |
| DENISE ABRAM, | ) | |
|     Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendants', Family Christian Stores, Inc. and Julie McNutt's, Motion for Summary Judgment [DE 41], filed by Defendants Family Christian Stores, Inc., and Julie McNutt ("Defendants") on February 14, 2011. Plaintiff filed his response on March 15, 2011, to which Defendants filed their reply on March 28, 2011. This Motion is fully briefed and ripe for ruling.

## **PROCEDURAL BACKGROUND**

On May 22, 2009, Plaintiff Alvin Murphy filed a Complaint against Defendants Family Christian Stores, Inc. ("FCS"), Ms. McNutt, Securitas Security Services USA, Inc., and Denise Abram alleging race discrimination in violation of 42 U.S.C. §§ 1981 and 1982 and an Indiana state law tort claim of intentional infliction of emotional distress ("IIED"). Defendants FCS and Ms. McNutt filed their Answer on August 21, 2009. Securitas Security Services USA, Inc., and Denise Abram ("Security Defendants") filed their Answer on August 11, 2009, a Motion for Summary Judgment on February 15, 2011, and a Notice of Settlement on March 14, 2011. Security Defendants indicated that Plaintiff will be moving to dismiss them. Their Motion will therefore not be addressed at this time.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof

at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all

facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## FACTUAL BACKGROUND

On October 3, 2008, Plaintiff Alvin Murphy, an ordained black minister, entered Defendant Family Christian Stores' Merrillville location. Mr. Murphy had been a loyal FCS customer and was a member of their customer loyalty program. He had been in the store at least fifty times over a period of fourteen years.

On October 3, 2008, when Mr. Murphy entered FCS, Defendant Julie McNutt, a white woman, was present in her role as store manager. Mr. Murphy's godson, James Green, also black, was with him in the store. While in the store, Mr. Murphy spoke with another black customer, Victor Nelson. Ms. McNutt recognized Mr. Nelson from other occasions when he had been in the store and made returns without receipts. Mr. Nelson was informed prior to October 3, 2008, that he would be banned from FCS locations.

Upon seeing Mr. Murphy and Mr. Nelson speak with one another, Ms. McNutt contacted the mall security guard, Ms. Abram, who was employed by Securitas Security Services USA, Inc. Ms. Abram in turn contacted the Hobart City Police Department. Officers Homaky and Gresser responded. One or both of the officers escorted Mr. Murphy out of FCS and issued a no-trespass warning to him.

4

Mr. Murphy spoke about the incident with several pastors, requesting counseling. Mr. Murphy relayed to them that he was very upset and solicited advice on what they thought he should do.

## ANALYSIS

In support of their Motion for Summary Judgment, Defendants contend that Plaintiff cannot prove that Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1981 to make and enforce contracts or his rights under 42 U.S.C. § 1982 to purchase property. Defendants also contend that Plaintiff has failed to prove the elements necessary to sustain his cause of action for intentional infliction of emotional distress. The Court evaluates each argument in turn.

**A.     42 U.S.C. §§ 1981 and 1982**

In order for Plaintiff to establish a *prima facie* claim under 42 U.S.C. § 1981, he must show that he (1) is a member of a racial minority; (2) Defendants "had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996) (citations omitted). Similarly, "[t]o prove a violation of § 1982, a plaintiff must demonstrate 1) interference with property rights, which interference is 2) motivated by racial prejudice." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1257 (7th Cir. 1993). Due to "their common origin and purpose, § 1981 and § 1982 are generally construed in tandem." *Morris*, 89 F.3d at 413 (citations omitted).

Both parties recognize that there is no direct evidence of discrimination, and rely on a modification of the McDonnell Douglas burden-shifting framework to determine whether there was

discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the modified framework, to establish a violation of § 1981 Plaintiff must first establish a prima facie case of race discrimination by showing "that (1) the plaintiff is of a racial minority, (2) he attempted to make or enforce a contract, (3) the defendant[s] denied him the right to make or enforce the contract and (4) the defendant[s] treated the plaintiff less favorably than other white people who were similarly situated." *Williams v. S. Ill. Riverboat/Casino Cruises, Inc.*, No. 06-cv-664, 2008 U.S. Dist. LEXIS 31309, at *17, 2008 WL 1776461, at *6 (S.D. Ill. Apr. 16, 2008); *see also Carney v. Caesar's Riverboat Casino, LLC*, No. 4:07-cv-32, 2009 U.S. Dist. LEXIS 10462, at *10, 2009 WL 363623, at *3 (S.D. Ind. Feb. 11, 2009). To establish a violation of § 1982, the prima facie case requires a plaintiff to show, at steps (2) and (3), that the defendants interfered with the plaintiff's attempted purchase of property. *Morris*, 89 F.3d at 413, 415.

If Plaintiff establishes a prima facie case of race discrimination, the burden of production then shifts to Defendants to articulate a legitimate, nondiscriminatory reason for the challenged action. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 790 (7th Cir. Ill. 2007) (citing *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005)); *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). If Defendants meet their burden, it shifts back to Plaintiff, who must demonstrate that Defendants' reasons are a pretext for discrimination. *Boumehdi*, 489 F.3d at 790; *Grayson*, 317 F.3d at 748.

In this case, both parties agree that Plaintiff is a member of a racial minority and that he attempted to make or enforce a retail contract to purchase property, implicating both § 1981 and § 1982. Plaintiff asserts that he was not able to purchase the merchandise he desired, but Defendants argue that he was not prevented from completing an intended transaction. In support of their

6

contention, Defendants point to deposition testimony of Plaintiff and of Officer Homaky. Regarding the purchases of Plaintiff and his shopping companion, the Officer stated that he "believe[d] they purchased the items that they had ... [i]f I recollect right." Homaky Dep. 11:4-9. His statement is not one of certainty, and his next comment, that Mr. Murphy and Mr. Green did not have any items on them, could just as easily mean that they had been prohibited from purchasing anything.

The citation from Plaintiff's deposition is similarly lacking in clarity. The quote in Defendants' brief was taken from a single page of Plaintiff's deposition without other context provided to the Court. As part of several narrative paragraphs for which Defendants did not include the initial prompt, Plaintiff said "I got a purchase, and I had the receipt to show it." Murphy Dep. 128:13-14. Plaintiff provides the preceding pages in the deposition selection contained in the exhibits to his response, but even with the additional context it is not obvious to the Court that Plaintiff's testimony indicates that he was able to make a purchase on the day in question. The few lines of deposition testimony provided by Defendants are not sufficient to eliminate any dispute about the material fact of whether Plaintiff was prohibited from making and enforcing a contract to purchase property with FCS.

In addition, the parties disagree as to whether Defendants treated Plaintiff less favorably than similarly situated people who were not members of the protected class. Defendants argue that the evidence demonstrates that Ms. McNutt requested assistance from the security guard because of Plaintiff's interaction with Mr. Nelson, not because of his race. However, Plaintiff presents evidence that white patrons who spoke with Mr. Nelson in FCS were never removed or denied the ability to make purchases. The parties also discuss Ms. McNutt's conduct regarding a white customer who she witnessed shoplifting. Ms. McNutt testified that she first questioned that

7

customer herself before summoning assistance from the security guard.  In that case, despite not suspecting him of theft, Ms. McNutt went directly to the Security Defendants without asking Plaintiff about his shoplifting.  However, in Plaintiff's instant case, Ms. McNutt went first to the Security Defendants without questioning Plaintiff, despite not suspecting Plaintiff of shoplifting.  Especially viewed in the light most favorable to the non-moving party, the question of whether Mr. Murphy was treated differently than similarly situated white patrons is disputed.  Therefore, the Court need not move on to the next step of the analysis and address whether Defendants can sufficiently articulate a non-discriminatory motivation for their actions.

For the foregoing reasons, summary judgment is inappropriate on the counts alleging interference with property rights under § 1982 and the making and enforcing of a contract under § 1981.

**B.**     **Intentional Infliction of Emotional Distress**

Defendants move for summary judgment on Plaintiff's Indiana tort claim for intentional infliction of emotional distress claim on the grounds that Plaintiff has not demonstrated any intent by either Ms. McNutt or FCS to discriminate against Plaintiff and Plaintiff has not exhibited symptoms of severe distress.  As established above, Defendants are not entitled to summary judgment on the question of whether Ms. McNutt or FCS discriminated against Mr. Murphy.  Therefore, the Court will turn to the other elements of an IIED claim.

Under Indiana law, the tort of IIED is defined as "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (quoting Restatement (Second) of Torts § 46 (1965)).  "It is the intent to harm one emotionally that

8

constitutes the basis for the tort of an intentional infliction of emotional distress." *Id*.; *see also Powdertech, Inc. v. Joganic*, 776 N.E.2d 1251, 1264 (Ind. Ct. App. 2002)). Conduct is "extreme and outrageous"

> only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Conwell v. Beatty*, 667 N.E.2d 768, 777 (Ind. Ct. App. 1996) (quoting Restatement (Second) of Torts § 46 (1965)); *see also Powdertech*, 776 N.E.2d at 1264. To recover, Plaintiff must prove that Defendant "(1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1264 (Ind. Ct. App. 2009) (quoting *Cullison*, 570 N.E.2d at 31).

In Indiana, the proof requirements for an IIED claim are "rigorous." *Rhoades v. Penn-Harris-Madison Sch. Corp.*, 574 F. Supp. 2d 888, 908 (N.D. Ind. 2008) (citing *Branham v. Celadon Trucking Servs.*, 744 N.E.2d 514, 523 (Ind. Ct. App. 2001)). The conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, to be regarded as atrocious and utterly intolerable in a civilized community." *Gable v. Curtis*, 673 N.E.2d 805, 810 (Ind. Ct. App. 1996). Liability for IIED "clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," because in our society "plaintiffs must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id*.

Even viewing the facts in the light most favorable to Plaintiff, having him removed from a store is not the kind of behavior that is "atrocious" or "extreme." It may be inconsiderate and

9

unkind, but that indignity does not rise to the level of outrageousness required to sustain an IIED claim. Therefore, summary judgment will be granted to Defendants on Count III of Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** Defendants', Family Christian Stores, Inc. and Julie McNutt's, Motion for Summary Judgment [DE 41]. Plaintiff's claim of intentional infliction of emotional distress alleged in **COUNT III** is **DISMISSED** against Defendants Family Christian Stores, Inc., and Julie McNutt. Plaintiff's claims of discrimination under 42 U.S.C. §§ 1981 and 1982, alleged in **COUNTS I and II REMAIN PENDING**.

SO ORDERED this 5th day of May, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record